**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **JACOB MASCARENAS** | **CIVIL ACTION NO. 13-1132** |
| **FED. REG. NO. 23430-051** | **SECTION P** |
| **VERSUS** | **JUDGE MINALDI** |
| **WARDEN C. MAIORANA** | **MAGISTRATE JUDGE KAY** |

<u>**REPORT AND RECOMMENDATION**</u>

On May 15, 2013, *pro se* petitioner Jacob Mascarenas filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institution, Oakdale, Louisiana (FCIO).

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Background*

Petitioner claims that he is entitled to credit against his federal sentence for time served in the custody of the United States Marshals Service (USMS). He states that he was arrested on September 10, 2002, and was in the custody of the USMS until September 18, 2003, at which point he was released to the BOP to begin serving his sentence. Petitioner claims that the 373 days (September 10, 2002 through September 18, 2003) that he was in USMS custody were not credited towards his federal sentence of 151 months. Doc. 1, att. 1, p. 4.

Petitioner has previously been before this court seeking credit for time served in regard to the 151 month sentence. In *Mascarenas v. Young*, 2010 WL 996507 (W.D. La. Feb. 17, 2010)

*report and recommendation adopted,* 2010 WL 1006632 (W.D. La. Mar. 16, 2010), petitioner claimed that he was entitled to credit for time spent in the custody of the State of New Mexico. The facts of that case showed that petitioner was arrested by New Mexico authorities on April 13, 2002.  On June 7, 2002, his state parole was revoked, and he was ordered to serve two years in custody.

While serving of his state term, he was transferred to the custody of the USMS pursuant to a Writ of Habeas Corpus Ad Prosequendum.  On December 19, 2002, he pled guilty to the federal charges made the bases of the current petition, namely possession with intent to distribute less than 50 grams of methamphetamine (21 U.S.C. §841(a)(1) & (b)(1)(C)).  *See U.S. v. Mascarenas,* 2:02-cr-0157, (U.S.D.C., N.M.).  On June 24, 2003, he was sentenced to serve 151 months in the custody of the BOP.  *Id.*  His federal Judgment and Commitment Order was silent as to the service of his federal sentence; thus, it was calculated as consecutive to his state sentence.

On September 1, 2003, petitioner satisfied the state parole-revocation term and remained in federal custody to serve his federal sentence.

Pertinent to petitioner's claims herein, the New Mexico Department of Corrections confirmed that he received credit on his state sentence from the date that his parole term was revoked on June 7, 2002, through September 1, 2003, the date that he was released from his state term.  Credit from the date of petitioner's arrest on April 13, 2002, through June 6, 2002, the day before his state parole term was revoked, was applied toward his federal term as that credit had not been applied toward any other sentence. *Mascarenas v. Young*, 2010 WL 996507, *1 (W.D. La. Feb. 17, 20102:09-1779).

***Law and Analysis***

### I.      *Proper Remedy*

A federal prisoner may challenge the manner in which his sentence is being executed by filing a petition for writ of *habeas corpus*  pursuant to 28 U.S.C. §2241 in the judicial district where he is incarcerated.  *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001), and *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (explaining that the function of *habeas corpus* is to secure immediate or speedier release from unlawful imprisonment).  In order to state a claim for relief pursuant to 28 U.S.C. § 2241, a *habeas corpus* petitioner must allege and establish that he is in custody in violation of the Constitution and laws of the United States.  28 U.S.C. § 2254(a).

### II.     *Applicable Statute*

Petitioner's argument, that he is entitled to credit against his federal sentence for the time spent in USMS custody, relies on 18 U.S.C. § 3585.  That statute, entitled "calculation of a term of imprisonment," provides in pertinent part:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Under the plain language of this statute, petitioner cannot obtain credit against his federal sentence for time served in the custody of the USMS between September 10, 2002, and September 1, 2003, because he has already received that benefit with respect to his New Mexico state parole violation sentence.  Petitioner was released from his state term on September 1, 2003, and he began receiving credit on his federal sentence on that date.  Doc. 1, att. 1, p. 2.

Congress has made it clear that a defendant cannot receive double credit for his detention time. *U. S. v. Wilson*, 503 U.S. 329, 337 (1992).

In short, petitioner has not shown that his custody is in violation of the Constitution and laws of the United States and his petition should be dismissed.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition for writ of *habeas corpus* under 28 U.S.C. §2241 be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 22nd day of November, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE